**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0893-23

IN THE MATTER OF
THE ESTATE OF MARTHA
C. CLARK, deceased.

_____

Argued February 3, 2025 – Decided February 14, 2025

Before Judges Sabatino and Berdote Byrne.

On appeal from the Superior Court of New Jersey, Chancery Division, Monmouth County, Docket No. P-000274-23.

Ryan Milun argued the cause for appellant Scott M. Clark (The Milun Law Firm, attorneys; Ryan Milun, of counsel; Susan Ferreira, on the briefs).

Christopher D. Olszak argued the cause for respondent James A. Paone, II (Davison Eastman Muñoz Paone, PA, attorneys; Christopher D. Olszak, on the brief).

PER CURIAM

This appeal involved the trial court's authorization of the sale of real property co-owned as tenants in common by multiple siblings and denial of the motion by the appellant, Scott M. Clark, for leave to file counterclaims.

Succinctly stated, in 2005 William D. Clark and Martha C. Clark transferred title of the parcel to Scott and his four siblings, subject to their parents' life estates. Upon Martha's death, the children became co-owners of the parcel as tenants in common. Litigation ensued with respect to the administration of Martha's estate. The children entered into a consent judgment in the Probate Part in April 2022, which specified how the children would sell the property. The consent judgment required the children to unanimously select a realtor to sell the property within ten days, otherwise the court would appoint one. The consent judgment also provided that all decisions regarding the sale and marketing of the property must be unanimously agreed upon by the children.

After the children failed to select a realtor within ten days the trial court appointed a realtor, consistent with the terms of the consent judgment. Less than two months later, the realtor's request to be removed was granted, citing irreconcilable differences with one of the children. The court appointed an attorney to select another realtor to sell the property in January 2023.

When that second realtor found a buyer, the attorney filed a verified complaint and order to show cause on July 28, 2023, seeking authorization for the realtor to sell the property to that anticipated buyer. The pleadings were properly filed in the Probate Part, in furtherance of its jurisdiction stemming

2

back to the consent judgment. Appellant filed an answer and opposition, arguing the property could not be sold without his approval pursuant to the consent judgment. Shortly thereafter, appellant filed a motion seeking permission to file counterclaims, including allegations of breach of fiduciary duty. On October 13, 2023, the court granted the order to show cause and denied appellant's motion for leave to file counterclaims.

During oral argument on the appeal, counsel informed us for the first time that the anticipated buyer for the premises had withdrawn, and thus the order compelling the sale to that buyer was no longer warranted. Counsel further advised us that the property has yet to be sold.

In light of these developments, we dismiss the appeal as moot. Redd v. Bowman, 223 N.J. 87, 104 (2015) (reaffirming the long-established principle that courts will not entertain cases where the ruling sought will "have no practical effect"). The real estate transaction the trial court ordered to be carried out no longer exists. We reject appellant's claim of a public interest imperative to continue this appellate litigation concerning these private parties. Malanga v. Twp. of West Orange, 253 N.J. 291, 307 (2023) (recognizing a limited exception to the mootness doctrine where an issue of "great public interest" is presented).

A-0893-23

Given the mootness of the verified complaint, order to show cause, and the order compelling the real estate sale, we discern no reason to interfere with the trial court's denial of appellant's motion to file the allegedly related counterclaims.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION